UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI, | No. 2:19-cv-2369 DB P |
| Plaintiff, | |
| v. | ORDER |
| GURSHARN GILL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Before the court is plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. A review of plaintiff's complaint shows that he may be required to bring his claims in a petition for a writ of habeas corpus under 28 U.S.C. § 2254 rather in this § 1983 action. However, the court does not have sufficient information to make that determination. Therefore, and for the reasons set forth below, this court will order plaintiff to provide further information before proceeding.

Briefly, plaintiff's complaint states the following. He is a prisoner at the California Health Care Facility and complains of conduct occurring there in early 2019. Plaintiff alleges that he reported misconduct by defendant Gill to Gill's supervisor. Defendants Gill and Thao then retaliated against him by falsifying a rules violation report. Plaintiff further alleges that his due process rights were violated at the rules violation hearing. He states that he was found guilty

1

of a rules violation and assessed a loss of good time credits.  Plaintiff seeks expungement of the rules violation conviction and restoration of his good time credits.

In Heck v. Humphrey, the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. 477, 481 (1994).  A plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  Id. at 486–87.  The Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks declaratory or injunctive relief as well as damages.  Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Smith v. City of Hemet, the Ninth Circuit reiterated: "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."  394 F.3d 689, 695 (9th Cir. 2005) (quotation omitted).  "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'"  Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

Under Heck, a state prisoner's claim is not cognizable under § 1983 if success on the claim would necessarily imply the invalidity of a still-valid sentence or disciplinary finding that affects the length of his incarceration.  Consequently, a prisoner's § 1983 challenge to disciplinary hearing procedures is barred if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits and that loss of credits would "necessarily impact the fact or duration of his confinement."  Nettles v. Grounds, 830 F.3d 922, 931, 934 (9th Cir. 2016) (en banc); see also Edwards v. Balisok, 520 U.S. 641, 646 (1997) (dismissing § 1983 action for declaratory relief and monetary damages because successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed).

Plaintiff's claims here, if successful, would invalidate his conviction for a rules violation. Plaintiff alleges a loss of credits due to that conviction. If that loss of credits would necessarily affect the length of plaintiff's sentence, then, under Heck, plaintiff must first seek relief through a petition for a writ of habeas corpus.

So that this court can determine whether plaintiff may proceed with this action under § 1983, plaintiff must provide the court with additional information.

Good cause appearing, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall file a statement with the court explaining the following:

1. The conviction and sentence that plaintiff is currently serving; and
2. What loss of credits he incurred from the rules violation conviction.

Dated: January 3, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/woli2369.heck stmt

3