UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>GUSHARN GILL, et al.,<br><br>Defendants. | No. 2:19-cv-2369 WBS DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. Plaintiff argues that this case has complex issues; he suffered a traumatic brain injury in 2016 which resulted in memory, concentration and other problems; and he has very limited English language ability.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Currently, plaintiff is required to respond to the court's January 6, 2020 order. Plaintiff need only provide the court with the following information: (1) the conviction and sentence he is currently serving; and (2) the loss of credits he incurred as a result of the rules violation conviction that is the subject of his complaint. These are not complex legal issues that require the assistance of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 9) is denied without prejudice to its renewal at a later date.

Dated: February 6, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/woli2369.31