UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:19-cv-2369 WBS DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GURSHARN GILL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff challenges a January 26, 2019 rules violation report ("RVR") and resulting conviction for assault on a correctional officer. Because plaintiff may be required to pursue this claim first in a habeas corpus proceeding under Heck v. Humphrey, this court ordered plaintiff to provide two items of information: (1) his conviction and sentence; and (2) his loss of good conduct credits resulting from the RVR conviction. (ECF No. 6.) In response, plaintiff provided the court with extensive briefing on the Heck issue and an answer to only one of the two questions. Plaintiff attaches to his response a document entitled "CDCR Credits Received/Lost." That document shows that the January 26, 2019 RVR conviction resulted in a loss of 150-days of good conduct credits. (ECF No. 11 at 19.) This court's research has revealed that plaintiff's sentence, imposed in 2010, is 66 years and 8 months. See People v. Wolinski, No. B220998, 2011 WL 4064786, at *1 (Cal. Ct. App. Sept. 14, 2011).

1

While it appears that this action may be barred by Heck, it has come to this court's attention that it should be dismissed as duplicative of a previously-filed case. Shortly before he filed this action, plaintiff filed another action in this court. In that case, Wolinski v. Eldridge, et al., No. 2:19-cv-2037 DMC P (E.D. Cal.), plaintiff raises a number of claims, including the same challenges he raises here regarding the January 26, 2019 RVR and the subsequent disciplinary conviction.[1] Due to the duplicative nature of the present action, the court will recommend that the complaint be dismissed.

Accordingly, IT IS RECOMMENDED that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 20, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/woli2369.fr

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2